UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No.: 3:17-cr-01354-GPC |
|---|---|
| Plaintiff, | **ORDER DENYING MOTION TO REOPEN EVIDENTIARY HEARING** |
| v. | |
| YONEL QUINTERO-BERNAL, | **[ECF No. 33]** |
| Defendant. | |

Before the Court is a motion by the government to reopen an evidentiary hearing held on November 9, 2017, with respect to Defendant Yonel Quintero-Bernal's motion to suppress. (ECF No. 33.) The government filed the instant motion on November 24, 2017, and Defendant filed a response in opposition on November 27, 2017 (ECF No. 34). For the reasons set forth below, the Court DENIES the motion to reopen.

**I.  Background**

On October 19, 2017, Defendant filed a motion to suppress evidence obtained from his vehicle and, subsequently, his apartment. (ECF No. 25.) Defendant argues that the warrantless search of his vehicle violated the Fourth Amendment because the officer involved, Officer Walker, either (1) lacked the reasonable suspicion required to stop Defendant's vehicle in the first place, or (2) held Defendant for an unreasonably long time before amassing probable cause to search Defendant's vehicle. In response, the

1

government argues that (1) Walker had adequate reasonable suspicion to initiate the traffic stop, and (2) the duration of the stop was reasonable. (ECF No. 27.) In its brief in opposition to the motion to suppress, the government refers to the collective knowledge doctrine by indicating that "DEA and NTF agents believed Defendant was likely transporting methamphetamine" at the time of the traffic stop, and instructed Walker to stop Defendant's vehicle on that basis. (*Id.* at 6–7, 9.)

The Court held an evidentiary hearing on November 9, 2017. At the hearing, the government offered Walker as its only witness. Walker testified that he was instructed by another officer to stop Defendant's vehicle, and also recounted the stop from his perspective. At the conclusion of the evidence, the parties presented arguments as to whether the search of Defendant's vehicle was consistent with the Fourth Amendment. The Court questioned counsel about the applicability of the collective knowledge doctrine, and concluded that further briefing on the issue was necessary. The Court instructed the parties to file simultaneous supplemental briefing as to whether the collective knowledge doctrine rendered the duration of the stop reasonable.

On November 15, 2017, the parties filed their supplemental briefs. The government attached to its brief a declaration by DEA Special Agent Michael Wasser (ECF No. 30-1), upon which it ostensibly relies to prove that the collective knowledge doctrine rendered the stop's duration reasonable. The Court issued an order noting that the government had not offered Wasser's testimony during the evidentiary hearing, and that it was not clear whether the government was seeking to reopen the hearing to offer additional evidence. (ECF No. 32.) The government now moves to reopen the evidentiary hearing to offer evidence "regarding the knowledge of other members' of the investigative team, including Agent Wasser." (ECF No. 33 at 3.)

## II. Discussion

Whether to reopen a suppression hearing is a matter of a district court's discretion. *See United States v. Jordan*, 291 F.3d 1091, 1100 (9th Cir. 2002).

The government contends that good cause exists to reopen the evidentiary hearing

2

3:17-cr-01354-GPC

because "[a]t the time of the evidentiary hearing on November 9, 2017, the government took the position that the facts surrounding Officer Walker's encounter of Defendant's vehicle supported the conclusion that the search of Defendant's car was lawful." (ECF No. 33 at 2.) Because the Court raised the collective knowledge doctrine during the hearing, the government asserts, "information regarding the knowledge of other members' of the investigative team, including Agent Wasser, is now relevant and necessary." (*Id.*)

The Court cannot find good cause to reopen the evidentiary hearing. Contrary to the government's assertion, the details of the pre-stop investigation of Defendant have always been relevant to this motion to suppress. While the government may not have expected to rely so heavily on its collective knowledge theory, it was well aware that the theory was available. *See United States v. Wallette*, 1996 WL 468648 (9th Cir. Aug. 16, 1996) ("new strategies," in the absence of a change in circumstances, does not warrant reopening a suppression hearing). In fact, in its original briefing, the government pointed to the collective knowledge of the DEA and NTF agents to prove the reasonableness of Defendant's stop. (ECF No. 27 at 6–7, 9.) This is not an instance where, for example, an unexpected response from an opposing party caught the government off guard, new evidence has been obtained, or a party is offering evidence that calls into question a crucial witness' credibility. *See, e.g.*, *United States v. McCluer*, No. Cr. S-09-330 KJM, 2010 WL 1980209, at *4 (E.D. Cal. May 12, 2010) (denying a motion to reconsider and reopen a suppression motion hearing because "the government's proffered evidence does not undercut any credibility determination this court has made" and "the government's proffer [did not] suggest there would be a miscarriage of justice" if the court denied the motion); *United States v. Irons*, No. 3:07-cr-95, 2008 WL 723541 (E.D. Tenn. Mar. 14, 2008) (granting a defendant's motion to reopen an evidentiary hearing "prior to the Court ruling on the suppression motion," because there was evidence "address[ing] matters which appear to have occurred after the initial hearing concluded"); *United States v. Espinoza*, No. CR-04-0203-TUC-DCB, 2006 WL 305921, at *4 (D. Ariz. Feb. 8, 2006)

("Because the new evidence in this case does not go to the heart of the Magistrate Judge's credibility determination underlying the denial of Defendant's suppression motion, the district court is not compelled to reopen to consider the government witnesses' credibility in light of evidence that was available to the parties and the Court during the suppression hearing."). That the Court found one of the government's alternative theories more persuasive than the other is not cause to reopen evidence, particularly, as here, when the government bears the burden of proof. *United States v. Cervantes*, 703 F.3d 1135, 1141 (9th Cir. 2012) ("Because warrantless searches and seizures are *per se* unreasonable, the government bears the burden of showing that a warrantless search or seizure falls within an exception to the Fourth Amendment's warrant requirement.").

The Court finds persuasive the decision reached in *United States v. Valle-Sierra*, No. 06-cr-00431-MSK, 2008 WL 94805 (D. Colo. Jan. 7, 2008), under remarkably similar facts. There, during a suppression hearing the government offered the sole testimony of the officer that stopped the defendant's vehicle. The officer testified that a "referring agency" conducting a narcotics investigation contacted California Highway Patrol ("CHP") and asked that the defendant's vehicle be stopped. *Id.* at *1. The officer stopped the vehicle, and after conducting a sobriety test of the driver and speaking to the passengers, led a narcotics dog into the vehicle, resulting in the discovery of narcotics. *Id.* At the conclusion of the evidentiary hearing, the Court found that the dog's entry into the vehicle violated the Fourth Amendment because the officers on the scene did not amass probable cause to search the vehicle based on interactions with the driver and passengers alone. *Id.* at *2. The Court rejected the government's reliance on the collective knowledge doctrine because the government had not offered evidence about what the referring agency told CHP about the vehicle when it requested the traffic stop. *Id.* at *3 ("Had there been communication that other officers suspected that this vehicle was transporting contraband, the Court's determination might be different; but I don't have that before me; only that this vehicle was a vehicle of interest in some investigation."). After unsuccessfully moving for reconsideration, the government

moved to reopen the suppression hearing to present additional evidence regarding what the referring agency told CHP when requesting the stop of the defendant's vehicle. *Id.* The government's attorney informed the court that its failure to present this evidence during the evidentiary hearing was the result of a tactical decision, stating, "[f]rankly, I was relying on the independent probable cause that the officer had developed on his own when he was on the scene." *Id.*

The court denied the motion, explaining that "the Government simply failed to fully develop its evidence the suppression hearing." *Id.* at *4. Because the government "had adequate notice of the pertinent issues and had an available witness who could have presented the evidence at the suppression hearing," the Court reasoned, allowing reopening of the evidence would permit the government multiple bites at the apple "after making an unsuccessful tactical decision." *Id.*

Just as in *Valle-Sierra*, the Court here finds no reason to offer the government another bite at the apple. *See also United States v. Willyard*, No. 3:07-cr-44, 2008 WL 1733147, at *2 (E.D. Tenn. Apr. 10, 2008) (denying a defendant's motion to reopen an evidentiary hearing and offer expert testimony because "defendant has not offered any justification for his failure to seek out expert testimony prior to the . . . suppression hearing"). Here, the government had the ability to offer evidence proving that the collective knowledge doctrine applied in this case but chose not to do so, instead relying on its alternative theory that Walker possessed sufficient independent suspicion to support the duration of the stop. Yet now, the government asks for a mulligan, citing its failure to expect that the Court would inquire about a theory the government itself proposed. Finding this justification inadequate, the Court concludes that reopening the evidentiary hearing would be inappropriate.

### III. Conclusion

The government's motion to reopen the evidentiary hearing is **DENIED**.

5

3:17-cr-01354-GPC

**IT IS SO ORDERED.**

Dated: December 5, 2017

Hon. Gonzalo P. Curiel
United States District Judge