UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>v.<br><br>YONEL QUINTERO-BERNAL,<br>  aka Cesar Castro,<br><br>                            Defendant. | Case No.: 17-CR-1354-GPC<br><br>**ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE**<br><br>**[ECF No. 59]** |

On June 15, 2018, this Court convicted Yonel Quintero-Bernal, aka Cesar Castro, ("Defendant") of one count of Possession of Methamphetamine with Intent to Distribute in violation of 21 U.S.C. § 841(a)(1) ("Count 1"), and one count of Illegal Alien in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(5) ("Count 3"). ECF No. 56. The Court sentenced Defendant to 155 months of imprisonment for Count 1 and 10 years of imprisonment for Count 3 to run concurrent, followed by five years of supervised release on Count 1 and three years of supervised release on Count 3 to run concurrent. *Id.* at 2–3.[1]

---

[1] Page numbers reflect CM/ECF pagination.

On February 14, 2024, Defendant filed a pro se motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) pursuant to the new zero-point offender provision of U.S.S.G. § 4C1.1. ECF No. 59 at 1–2.[2] On April 15, 2024, the government opposed, arguing that Defendant does not qualify for a reduced sentence under the zero-point offender provision because Defendant possessed a firearm in connection with the offense. ECF No. 66 at 3.

Amendment 821 to the United States Sentencing Guidelines ("U.S.S.G") provides a two-level downward adjustment if the defendant is a zero-point offender, meaning they "present zero criminal history points and satisfy the criteria listed in U.S.S.G § 4C1.1(a)." *United States v. Valenzuela*, 2024 WL 281644, at *1 (E.D. Cal. Jan. 25, 2024). U.S.S.G. § 4C1.1(a)(7) requires that "the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense." ECF No. 59 at 1. While Defendant presented zero criminal history points at sentencing, ECF No. 52 at 2, his conviction on Count 3 entailed possession of a firearm. ECF No. 56 at 1. Thus, Defendant does not qualify for the adjustment for certain zero-point offenders because he fails to meet the criteria in U.S.S.G. § 4C1.1(a)(7). Therefore, the Court declines to grant Defendant a sentence reduction based on the zero-point offender provision.

For the above reasons, the Court **DENIES** Defendant's motion to reduce his sentence under 18 U.S.C. § 3582(c)(2).

**IT IS SO ORDERED.**

---

[2] Defendant does not specify the grounds for his motion beyond referencing amendments to the sentencing guidelines. *See* ECF No. 59. He likely brings his motion under Amendment 821, which provides a two-level downward adjustment to the offense level if the defendant has zero criminal history points and meets other criteria. *See* U.S.S.G. § 4C1.1(a). Amendment 821 also reduced status points for defendants with seven or more status points at sentencing, while eliminating status points altogether for defendants with six or fewer status points at sentencing. *See id.* § 4A1.1(e). However, Defendant did not receive any status points at sentencing, so he is not eligible for relief on those grounds. *See* ECF No. 52.

Dated: July 2, 2025

Hon. Gonzalo P. Curiel
United States District Judge