UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>YONEL QUINTERO-BERNAL,<br>　aka Cesar Castro,<br>　　　　　　　　　　　Defendant. | Case No.: 17-CR-1354-GPC<br><br>**ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE**<br><br>[**ECF No. 70**] |

　　　On June 15, 2018, this Court convicted Yonel Quintero-Bernal, aka Cesar Castro, ("Defendant") of one count of Possession of Methamphetamine with Intent to Distribute in violation of 21 U.S.C. § 841(a)(1) ("Count 1"), and one count of Illegal Alien in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(5) ("Count 3"). ECF No. 56. The Court sentenced Defendant to 155 months of imprisonment for Count 1 and 10 years of imprisonment for Count 3 to run concurrent, followed by five years of supervised release on Count 1 and three years of supervised release on Count 3 to run concurrent.

*Id.* at 2–3.[1]

On February 14, 2024, Defendant filed a pro se motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) pursuant to the new zero-point offender provision of U.S.S.G. § 4C1.1. ECF No. 59 at 1–2. On April 15, 2024, the government opposed. ECF No. 66. On July 2, 2025, this Court denied Defendant's motion, because Defendant possessed a firearm in connection with the offense. ECF No. 69. On July 21, 2025, Defendant filed the instant pro se motion to reduce his sentence, again under 18 U.S.C. § 3582(c)(2). ECF No. 70 at 1.

This Court denied Defendant's previous motion because Amendment 821 to the United States Sentencing Guidelines ("U.S.S.G") requires a defendant to satisfy all the criteria listed in U.S.S.G § 4C1.1(a). *United States v. Valenzuela*, 2024 WL 281644, at *1 (E.D. Cal. Jan. 25, 2024). U.S.S.G. § 4C1.1(a)(7) requires that "the defendant did not possess… a firearm…in connection with the offense." Defendant's conviction on Count 3 entailed possession of a firearm. ECF No. 56 at 1.

Defendant's instant motion does not articulate a new basis for relief or reduction of his sentence or aver any new considerations. Defendant highlights "two parts of amendment 821 for which relief may be sought." ECF No. 70 at 1. Defendant invokes "part A…to limit the overall criminal history impact of status points." *Id.* But this Court already found that Defendant did not receive any status points at sentencing or criminal history impacts. ECF No. 69 at 2 n. 2 (citing ECF No. 52). Defendant invokes "part B…to provide a decrease of two point levels…absent specify aggravating facts that apply to the instant offense." ECF No. 70 at 1. But this Court already noted that Defendant had the specific aggravating facts from U.S.S.G. § 4C1.1(a)(7) apply to his instant offense because Defendant possessed a firearm. ECF No. 69 at 2. As such, there is no reason this Court should depart from its July 2, 2025 order denying Defendant's motion to reduce sentence. Therefore, the Court declines to grant Defendant a sentence

---

[1] Page numbers reflect CM/ECF pagination.

2

17-CR-1354-GPC

reduction.

For the above reasons, the Court **DENIES** Defendant's motion to reduce his sentence under 18 U.S.C. § 3582(c)(2).

**IT IS SO ORDERED.**

Dated: July 28, 2025

Hon. Gonzalo P. Curiel
United States District Judge